VIRGIL H. CAPRON *vs.* PRESIDENT, DIRECTORS AND COMPANY OF THE ATTLEBOROUGH BANK.

An agreement to pay for real estate sold " with satisfactory indorsed notes, payable at bank with interest added, or mortgage on the property," does not authorize the vendor to demand a mortgage containing a power of sale.

ACTION OF CONTRACT for money had and received by the defendants from the plaintiff on a sale of real estate to him by public auction, and which, by the terms of a written receipt signed by the defendants and assented to by him, was to be forfeited to them if he did not comply with the " conditions of sale," which were not stated in the receipt.

At the trial in the court of common pleas in Bristol, the plaintiff introduced evidence that the conditions of sale, as announced by the auctioneer, were that one fourth of the price (including five per cent. on the day of the sale) should be paid in cash on delivery of the deed, and the remainder in six, nine, and twelve months, " with satisfactory indorsed notes, payable at bank with interest added, or mortgage on the property." It appeared that the only thing which prevented the contract of sale from being carried out was that the defendants demanded a mortgage containing a power of sale, and the plaintiff refused to give such a mortgage, although he was ready to give a mortgage in common form.

The defendants requested the court to instruct the jury that, " under the terms and conditions of the sale, the defendants, if there was more than one kind of mortgage, had the right to elect what kind of mortgage they would take, and had a right

to require the plaintiff to execute to them a mortgage containing a power of sale, if they saw fit to do so." But *Briggs*, J. instructed the jury that the defendants had no right to require of the plaintiff a mortgage containing a power of sale. The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*B. Sanford*, for the defendants.

*J. Daggett & E. H. Bennett*, for the plaintiff.

BY THE COURT. If "satisfactory" extends to the mortgage as well as to the notes, (which we are not prepared to say,) it means what ought to be satisfactory. But whether it extends to the mortgage, or applies only to the notes, a stipulation to give a mortgage on the property is complied with by giving a mortgage in usual form, and does not require, or allow the other party to demand, a mortgage with a power of sale. A power of sale is not an ordinary accompaniment of a mortgage, but is a power coupled with an interest, in its nature irrevocable, which entirely changes the character of the instrument by cutting off the right of redemption. *Exceptions overruled.*